LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Rubatex Corporation

v.

E. I. duPont de Nemours & Co.

March 14, 1968

Case No. A-9280

By JUDGE A. CHRISTIAN COMPTON

An order requiring the production of the documents described in paragraphs 12, 15(a)(1), and 15(a)(2) of the defendant's motion will be entered pursuant to Rule 4:9.

The parties agree that one of the principal issues in this case will be the propriety of the plaintiff's settlement of the Canada lawsuit. The plaintiff claims its decision to settle was based, in part, upon the opinions and conclusions found in the reports of two experts who were employed by it in connection with the defense of the Clerk suit. A subject of inquiry upon the trial will be the conduct of the plaintiff in connection with the settlement as the result of the opinions and conclusions of the experts. As the defendant points out, a determination of these matters will be a "vital, central issue in this litigation," thereby making the contents of the reports of the experts facts subject to discovery.

In view of this, the case does not fall under the general rule, and the reasons usually given therefor, which ordinarily prohibits the discovery of the opinions of the adversary's expert. 2A Barron & Holtz-

off, Federal Practice and Procedure, Section 652.5; 4 Moore's Federal Practice, 2nd Ed., Section 26.24; Anno. 86 A.L.R.2d 138. As Professor Moore points out (op. cit. p. 1535), "in a few cases the courts have recognized that the opinions or techniques of experts may be central to the litigation and therefore subject to discovery." Virginia Metal Products Corp. v. Hartford Accident and Indemnity Co., 10 F.R.D. 374, 376 (S.D. N.Y. 1950); E. I. duPont de Nemours & Co. v. Phillips Petroleum Co., 24 F.R.D. 416 (Del. 1959). This language of the Phillips case is particularly appropriate here:

> Looked at from a practical rather than a legalistic point of view, the facts of a case like this are the opinions of experts and the groundwork for those opinions comes within the ambit of a proper search for facts beyond the knowledge of the moving party. (24 F.R.D. 421).

This emphasis upon the discovery of facts, as contrasted with mere opinions, necessary to the preparation and defense of the case is in accord with the views of the Virginia Supreme Court in this area. See Hornback v. Highway Commissioner, 205 Va. 50, 53, 54 (1964).

It is therefore felt that the defendant has demonstrated the need for these documents and has shown the "good cause" required by the Rule. Before the order is drafted, the Court will hear counsel at any convenient time upon the plaintiff's request that the defendant reimburse it for its expenses incurred in securing the opinions.